**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| AMCAD HOLDINGS, LLC, et al., ) | Case No. 14-12168 (MFW) |
| ) | Jointly Administered |
| Debtors. ) | |
| ──────────────────────────── ) | |
| ) | |
| GAVIN SOLMONESE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 15-51979 (MFW) |
| ) | |
| VISAGAR M. SHYAMSUNDAR, ) | |
| RICHARD P. LOWRY, EDWARD B. ) | |
| BERKOWITZ, SHAHAN ZAFAR, IAN ) | |
| BLASCO, JEFF STONE, AARON ) | |
| PURCELL, and DAVID WEISS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ──────────────────────────── ) | |

**MEMORANDUM OPINION**[1]

Before the Court are three motions to dismiss this adversary proceeding commenced by Gavin Solmonese (the "Trustee"), which asserts claims for breach of fiduciary duty, preferential transfers, and claim disallowance. The first motion was filed by Richard Lowry, Shahan Zafar, Ian Blasco, Jeff Stone, Aaron Purcell, and David Weiss (collectively, the "Manager

___

[1] The Court is not required to state findings of fact or conclusions of law, pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure. Accordingly, the facts recited are as averred in the Complaint, which must be presumed as true for the purposes of this Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants"). Visagar Shyamsundar[2] and Edward Berkowitz (the "Officer Defendants") filed separate motions. For the reasons set forth below, each Motion to Dismiss will be granted.

I. BACKGROUND

On September 14, 2014, AmCad Holdings, LLC and American Cadastre, L.L.C. (the "Debtors") commenced chapter 11 bankruptcy cases. On August 11, 2015, the Court entered an order confirming the Debtors' Joint Plan of Liquidation (the "Plan"). (D.I. 533.) A liquidation trust was established pursuant to the Plan, and the Trustee was appointed. (D.I. 545.) The Plan assigned certain estate assets, including causes of action, to the liquidating trust.

On December 17, 2015, the Trustee commenced an adversary proceeding asserting five counts: Counts I-III assert breach of fiduciary duty claims against the Manager Defendants and the Officer Defendants; Count IV asserts a preference action against the Officer Defendants; and Count V seeks claim disallowance under section 550. The Officer Defendants and Manager Defendants have filed motions to dismiss the adversary proceeding, which have been fully briefed and are now ripe for decision. (Adv. D.I. 17, 22 & 23.)

---

[2] The Complaint identifies Visagar Shyamsundar as both an Officer Defendant and a Manager Defendant. (Adv. D.I. 1 at 3-4.)

II. JURISDICTION

A bankruptcy court has the authority to determine whether it has subject matter jurisdiction over an adversary proceeding. MPC Liquidating Trust, LLC v. Granite Fin. Solutions (In re MPC Computers, LLC), 465 B.R. 384, 387 (Bankr. D. Del. 2012) (citation omitted). Further, a court "may not rule on the merits of a case without first determining that it has . . . subject-matter jurisdiction." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 423 (2007).

III. DISCUSSION

A. Counts I-III

The Manager Defendants and Officer Defendants contend that the Court lacks jurisdiction over the breach of fiduciary duty claims.[3] The Trustee asserts that "related to" jurisdiction exists because the Plan retains jurisdiction over a wide-range of causes of action including breaches of fiduciary duty.[4] The Manager Defendants and Officer Defendants respond that the Plan's retention of jurisdiction provision does not specifically

---

[3] Officer Defendant Edward Berkowitz does not make this argument. (Adv. D.I. 10.) However, the Court has an independent duty to find subject matter jurisdiction. Sinochem, 549 U.S. at 423.

[4] The Trustee concedes that neither "arising in" nor "arising under" jurisdiction is present. (Adv. D.I. 13 at 5.)

3

identify the breach of fiduciary duty claims and therefore fails the close nexus test.

In general, bankruptcy courts exercise "related to" jurisdiction over non-core matters whose resolution "could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984). However, "related to" jurisdiction post-confirmation is much more narrow and may only be exercised over matters which have a "close nexus to the bankruptcy plan or proceeding." Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 164-65 (3d Cir. 2004).

A close nexus typically exists over "[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan." Id. at 167. A chapter 11 plan that retains jurisdiction over a specific cause of action generally satisfies the close nexus requirement. BWI Liquidating Corp. v. City of Rialto (In re BWI Liquidating Corp.), 437 B.R. 160, 166 (Bankr. D. Del. 2010). Retention of jurisdiction over a specific cause of action suggests litigation of that action is critical to the plan's implementation and does "not raise the specter of unending jurisdiction over continuing trusts." Resorts, 372 F.3d at 167; Shandler v. DLJ Merch. Banking, Inc. (In re Insilco Tech., Inc.), 330 B.R. 512, 525 (Bankr. D. Del. 2005). However, a wholesale assignment of causes of action from

the bankruptcy estate to a post-confirmation trust fails to establish a close nexus as to any specific cause of action. Insilco, 330 B.R. at 523-26.

In this case, the Plan provides that the Court shall retain jurisdiction over "Causes of Action," a term broadly defined to include

> all of the Debtors' actions, causes of action, choses in action, liabilities, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, third-party claims, counterclaims, and crossclaims, whether known or unknown, reduced to judgment or not reduced to judgment, liquidated or unliquidated, contingent or non-contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereinafter arising, in law or equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date, or during the course of the Bankruptcy Cases, through, and including the Effective Date, including but not limited to, the Avoidance Actions and Trust Claims.

(D.I. 533 at 4 & 35-36.)  Nowhere in the definition of "Cause of Action" (or elsewhere in the Plan) are specific breach of fiduciary duty claims against the Officer Defendants or Manager Defendants mentioned.  Even if the "Cause of Action" definition encompasses those claims, a wholesale assignment of claims to a post-confirmation trust is insufficient to establish a close nexus with respect to any individual claim.  Insilco, 330 B.R. at 523-26.

The Trustee heavily relies on the AstroPower case, but the

5

Court finds that case distinguishable.  <u>AstroPower Liquidating Trust v. Xantrax Tech., Inc., (In re AstroPower)</u>, 335 B.R. 309 (Bankr. D. Del. 2005).  In <u>AstroPower</u>, the debtor's plan of reorganization provided that the court retained jurisdiction over "[c]auses of action arising out of or in connection with the Debtor's sale of stock" in the defendant's company.  <u>Id.</u> at 324.  Following confirmation, the liquidating trustee commenced an adversary proceeding asserting various causes of action relating to the prepetition sale of the defendant's stock.  <u>Id.</u> at 315.  The court found that the close nexus test was satisfied because the plan sufficiently described the asserted causes of action.  <u>Id.</u> at 325.  In contrast, the Plan in this case does not mention any of the estate's putative breach of fiduciary duty claims against the Officer Defendants or Manager Defendants.

   The instant dispute more closely parallels the facts in <u>Insilco</u>.  330 B.R. 512.  In that case, a liquidating trustee brought breach of fiduciary duty claims against the debtor's board of directors after a chapter 11 plan assigned all of the estate's causes of action to the liquidating trust.  <u>Id.</u> at 514-15, 523.  The court held that "related to" jurisdiction was lacking because a broad assignment of claims cannot support post-confirmation "related to" jurisdiction.  <u>Id.</u> at 525-26 ("If the litigation [was] truly so critical to the Plan's implementation, it would have been more specifically described in the Disclosure Statement and Plan.").  For the foregoing reasons, the Court

6

finds that it lacks "related to" jurisdiction over Counts I-III.

    B.   <u>Count IV</u>

The Officer Defendants argue that the preference action must be dismissed because the Complaint fails to state a plausible claim for a preferential transfer. The Trustee responds that the Complaint satisfies pleading requirements.

Alleged preferential transfers must be identified with particularity to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided. <u>Pardo v. Gonzava (In re APF Co.)</u>, 308 B.R. 183, 188-89 (Bankr. D. Del. 2004) (concluding that a preference complaint must identify each transfer by date, amount, name of transferor, and name of transferee (citation omitted)). Specifically, a preference complaint must, inter alia, identify the nature and amount of each antecedent debt in order to survive a motion to dismiss. <u>See</u> <u>TWA, Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA, Inc. Post Confirmation Estate)</u>, 305 B.R. 228, 232 (Bankr. D. Del. 2004) (dismissing preference complaint for failure to adequately plead nature and amount of the antecedent debt).

In this case, the Complaint only alleges that "numerous Managers of the Debtor caused [AmCad Holdings, LLC] to repay the loans that those Managers made to the company." (Adv. D.I. 1 at 10.) The Complaint fails to indicate the loan, the date or amount of each payment of the loans, or who was repaid. The Court finds the Complaint's description does not satisfy pleading

requirements. TWA, 305 B.R. at 232. Therefore, the Court will dismiss Count IV against each Officer Defendant.

### C. Count V

Finally, Count V seeks to recover avoided transfers pursuant to section 550(a). Because the Court is granting the Motion to Dismiss the preference claims, Count V must also be dismissed. See, e.g., Burtch v. Huston (In re USDigital, Inc.), 443 B.R. 22, 40 (Bankr. D. Del. 2011) (dismissing a claim under section 550 because the transfers at issue were held to be unavoidable).

## IV. CONCLUSION

For the reasons set forth above, the Court will grant the Motions to Dismiss.

An appropriate Order follows.

Dated: June 14, 2016　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　*Mary F. Walrath*
　　　　　　　　　　　　　　　　　　　Mary F. Walrath
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge