**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMCAD HOLDINGS, LLC, et al., | ) |
| | ) Case No. 14-12168 (MFW) |
| Debtors. | ) Jointly Administered |
| | ) |
| ──────────────────────────── | ) |
| | ) |
| GAVIN SOLMONESE, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. No. 15-51979 (MFW) |
| | ) |
| VISAGAR M. SHYAMSUNDAR, RICHARD | ) |
| P. LOWRY, EDWARD B. BERKOWITZ, | ) |
| SHAHAN ZAFAR, IAN BLASCO, JEFF | ) |
| STONE, AARON PURCELL, AND DAVID | ) |
| WEISS, | ) |
| | ) |
| Defendants. | ) |
| ──────────────────────────── | ) |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Visagar M. Shyamsundar (the "Defendant") to Dismiss the Liquidating Trustee's Amended Complaint seeking the avoidance and recovery of preferential transfers to an insider. The Defendant contends that the Amended Complaint fails to state a claim upon which relief can be granted because it sets forth only conclusory allegations as to the nature and amount of the antecedent debt and as to the insolvency

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint, which must be accepted as true for the purposes of this Motion to Dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

of American Cadastre, LLC (the "Debtor"). The Defendant further contends that the Amended Complaint should be dismissed because it improperly includes a claim for recovery of a preferential transfer in violation of the Court's September 13, 2016, Order granting partial amendment of the Complaint. For the reasons set forth below, the Motion to Dismiss will be granted in part and denied in part.

I.   BACKGROUND

On September 14, 2014, the Debtor and its affiliates (collectively, the "Debtors") commenced their chapter 11 bankruptcy cases. On August 11, 2015, the Court confirmed the Debtors' Joint Plan of Liquidation (the "Plan"). (D.I. 533.) The Plan established a liquidating trust and assigned to the trust certain estate assets, including causes of action.

On December 17, 2015, the Liquidating Trustee filed a Complaint, asserting claims against former managers and officers of the Debtors, including the Defendant, for breach of fiduciary duty, preferential transfers, and claim disallowance (the "Action"). (Adv. D.I. 1.) On June 14, 2016, the Court dismissed the Action because it lacked "related-to" jurisdiction post-confirmation over the breach of fiduciary duty claims and because the preference claims were not adequately pled. (Adv. D.I. 24, 25.)

2

On September 13, 2016, the Court granted in part the Liquidating Trustee's Motion for Partial Reconsideration of the Dismissal Order and authorized the Liquidating Trustee to file an amended complaint within thirty days solely with respect to the preference claims.  (Adv. D.I. 34.)

On October 12, 2016, the Liquidating Trustee filed the Amended Complaint seeking to avoid and recover $651,496.50 of alleged preferential transfers made to the Defendant within one year of the petition date pursuant to sections 547 and 550 of the Bankruptcy Code.  (Adv. D.I. 36.)  The Liquidating Trustee specifically alleged that the transfers were to repay various unsecured loans made to the Debtor by the Defendant either individually or through companies in which the Defendant had a majority ownership interest.  (Id. at ¶ 8.)  In addition, the Liquidating Trustee amended Exhibit A to the Complaint, adding columns identifying the Debtor incurring the antecedent debt, the recipient of the transfer, and the reason for the transfer. (Adv. D.I. 36-1.)

On November 23, 2016, the Defendant moved to dismiss the Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  (Adv. D.I. 38.)  A notice of completion of briefing was filed on December 29, 2016, and this matter is now ripe for decision.  (Adv. D.I. 43.)

II. JURISDICTION

The Court has jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334 & 157(b)(2)(F).  The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks authority to enter a final order.  See, e.g., Stanziale v. DMJ Gas-Mktg. Consultants, LLC (In re Tri-Valley Corp.), Adv. No. 14-50446 (MFW), 2015 WL 110074, at *1 (Bankr. D. Del. Jan. 7, 2015) (citing Boyd v. Kind Par, LLC, No. 11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

III. DISCUSSION

    A.    Standard of Review

        1.    Rule 8(a)(2)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 45 (1957).

2. Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the sufficiency of the factual allegations in the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In other words, "[t]he Plaintiff must put some 'meat on the bones' by presenting sufficient factual allegations to explain the basis for its claim." Buckley v. Merrill Lynch & Co., Inc. (In re DVI, Inc.), Adv. No. 08-50248 (MFW), 2008 WL 4239120, at *4 (Bankr. D. Del. Sept. 16, 2008).

In weighing a motion to dismiss, the Court must undergo the three-part analysis outlined by the Third Circuit. First, the Court must take note of the elements needed for a plaintiff to state a claim. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Second, the Court must separate the factual and legal elements of a claim, accepting all of the complaint's well-pled facts as true and disregarding any legal conclusions. Id.; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)

5

(citing Iqbal, 556 U.S. at 679). Finally, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. Santiago, 629 F.3d at 130.

B.  Avoidance of Preferential Transfers

Section 547 of the Bankruptcy Code allows a trustee to recover a prepetition transfer of an interest of the debtor in property:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made-
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if-
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The trustee must prove each element by a preponderance of the evidence. See In re Opus East, LLC, 528 B.R. 30, 90 (Bankr. D. Del. 2015).

In dismissing the Liquidating Trustee's original Complaint, the Court explained that

> Alleged preferential transfers must be identified with particularity to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided. Specifically, a preference complaint

6

>must, inter alia, identify the nature and amount of each antecedent debt in order to survive a motion to dismiss.

In re AmCad Holdings, LLC, Adv. No. 15-51979 (MFW), 2016 WL 3412289, at *3 (Bankr. D. Del. June 14, 2016) (citations omitted).  The complaint must also identify each alleged preferential transfer by the date of the transfer, the name of the debtor/transferor, the name of the transferee, and the amount transferred.  See Tri-Valley, 2015 WL 110074, at *2; Valley Media, Inc. v. Borders, Inc. (In re Valley Media), 288 B.R. 189, 192 (Bankr. D. Del. 2003).

        1.    Identification of Antecedent Debt

The Defendant contends that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to allege the nature or amount of any antecedent debt and therefore fails to establish a plausible claim for a preference pursuant to section 547 of the Bankruptcy Code.  11 U.S.C. § 547(b)(2).  See Tri-Valley, 2015 WL 110074, at *2; Miller v. Mitsubishi Digital Elecs. (In re Tweeter Opco), 452 B.R. 150, 153 (Bankr. D. Del. 2011); Gellert v. Lenick Co. (In re Crucible Materials Corp.), Adv. No. 10-55178 (MFW), 2011 WL 2669113, at *2 (Bankr. D. Del. July 6, 2011).  The Defendant argues that the Amended Complaint fails to provide any facts in support of the Liquidating Trustee's allegations that there was an antecedent debt, providing only conclusory assertions that the Defendant made

various prepetition loans to the Debtor, without identifying the dates of the alleged loan transactions, the amount of each loan, and/or the terms of each loan.

The Liquidating Trustee responds that the Amended Complaint satisfies the pleading requirements because it identifies an antecedent debt, namely, the unsecured loans by the Defendant to the Debtor to fund its prepetition business operations when the Debtor experienced liquidity problems.  The Liquidating Trustee further notes that Exhibit A to the Amended Complaint provides the dates and amounts of the alleged preferential transfers and identifies each transferor and transferee.

The Court agrees with the Liquidating Trustee in part.  The Amended Complaint and its Exhibit A alleges more than just the statutory elements of a preference and includes an identification of the Debtor incurring the antecedent debt, the recipient of the transfer, the reason for the transfer, and the date and amount of such transfer.

Five of the alleged transfers, however, were made by the Debtor to the Defendant for "car payments," "payroll," and "records storage."  The allegations with respect to such transfers do not support a claim that they were made in satisfaction of an antecedent debt owed to the Defendant.  Accordingly, the Court will dismiss the Amended Complaint as to those alleged preferential transfers (totaling $98,400).

Moreover, Exhibit A fails to identify any reason for the $1,761.50 transfer allegedly made by the Debtor to the Defendant on November 29, 2013. The Court cannot draw an inference that such transfer was made on account of any antecedent debt and will dismiss the Amended Complaint as to that alleged preferential transfer as well.

The remaining alleged preferential transfers for "loan reimbursement," "reimbursement for advance to cover payroll," and "reimbursement of expenses" support the Liquidating Trustee's allegation of an antecedent debt. Tweeter Opco, 452 B.R. at 153 (citing Valley Media, 288 B.R. at 192 (identifying the information that must be included in a preference complaint to survive a motion to dismiss)).

The Defendant argues, nonetheless, that the Amended Complaint should be dismissed because it summarily asserts that certain of the alleged transfers were made to "Dallas Wolf, for the benefit of the Defendant," without explaining the nature of the relationship between Dallas Wolf and the Defendant. The Defendant contends that Exhibit A's identification of a party other than the Defendant as the recipient of the alleged transfers is inconsistent with the allegations in the Amended Complaint and therefore does not satisfy the pleading requirements. See Tweeter Opco, 452 B.R. at 155 (citing the trustee's failure to provide sufficient detail regarding the

antecedent debt which the transfer satisfied as a basis to dismiss the complaint).

The Court disagrees.  Exhibit A is sufficiently detailed to put the Defendant on notice of the transfers sought to be avoided.  <u>Crucible</u>, 2011 WL 2669113, at *3 (noting that a preference complaint meets the particularity requirement if it identifies each transfer by date, amount, name of transferor, and name of transferee).  Further, the allegation that each payment to Dallas Wolf was for the benefit of the Defendant (which must be accepted as true at this stage) supports the Liquidating Trustee's claim of a preferential transfer.

### 2. <u>Insolvency</u>

The Defendant additionally argues that the Amended Complaint should be dismissed in its entirety because it fails to allege any facts regarding the Debtor's insolvency at the time of the alleged transfers as required by section 547(b)(3) of the Bankruptcy Code.  The Defendant asserts that the Liquidating Trustee must do more than simply recite that "[e]ach transfer was made while [the Debtor] was insolvent."  (Adv. D.I. 36, ¶ 31.)  <u>Cf.</u> <u>Joseph v. Frank (In re Troll Commc'ns)</u>, 385 B.R. 110, 123-24 (Bankr. D. Del. 2008) (finding insolvency adequately pled where factual allegations showed that the debtors' liabilities were greater than its assets during the one year prior to its bankruptcy).

The Liquidating Trustee attempts to distinguish the case law on which the Defendant relies, arguing that the Amended Complaint need not describe in detail the prepetition financial condition of the Debtor because the Amended Complaint does not involve claims for breach of fiduciary duty or fraudulent transfer.

Section 547 permits a trustee to avoid a preferential transfer if, inter alia, the debtor is insolvent on the date of such transfer.  11 U.S.C. § 547(b)(4)(B).  An entity is insolvent when "the sum of such entity's debts is greater than all of such entity's property, at a fair valuation. . . ."  11 U.S.C. § 101(32)(A).

The Bankruptcy Code allows for a presumption of a debtor's insolvency within the ninety-day period immediately preceding the bankruptcy filing.  11 U.S.C. § 547(f).  This presumption is inapplicable, however, to preferential transfers to insiders outside the ninety-day period.  See, e.g., In re Caremerica, Inc., 409 B.R. 737, 752 (Bankr. E.D.N.C. 2009).  Where, as here, a trustee seeks to avoid preferential transfers to an insider, the trustee must provide facts to support an allegation of the debtor's insolvency beyond the ninety-day period.  See In re Carolina Fluid Handling Intermediate Holding Corp., Civ. No. 12-494 (SLR), 2013 WL 1124064, at *4 (D. Del. March 18, 2013) (trustee has the burden of proof on all elements of a preference claim under section 547(b) of the Bankruptcy Code).

11

The Court finds that the Amended Complaint fails to provide factual allegations of the Debtor's insolvency. Further, none of the alleged transfers occurred within the ninety-day period preceding the bankruptcy filing (i.e., after June 20, 2014) and are not entitled to the presumption of insolvency. Therefore, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted with respect to the preferences and those claims must be dismissed.

        C.    <u>Recovery of Preferential Transfers</u>

The Defendant also seeks dismissal of the Liquidating Trustee's claims for recovery of preferential transfers pursuant to section 550 of the Bankruptcy Code, contending that such claims were not permitted by the Order authorizing amendment of the original Complaint solely with respect to the preference count (Count IV) asserted against the Defendant.

The Liquidating Trustee responds that the Court authorized the amendment of claims previously asserted under Count IV of the Complaint, including claims for both the avoidance and recovery of preferential transfers.

The Court agrees with the Liquidating Trustee that Count IV of the original Complaint included claims for both the avoidance and recovery of preferential transfers against the Defendant. (Adv. D.I. 1.) Nonetheless, because the Court is granting the Motion to Dismiss the preference claims, the recovery claims must

also be dismissed.  See AmCad Holdings, 2016 WL 3412289, at *3 (citing Burtch v. Huston (In re USDigital, Inc.), 443 B.R. 22, 40 (Bankr. D. Del. 2011) (dismissing a claim under section 550 of the Bankruptcy Code because the transfers at issue were held to be not avoidable)).

### D. Further Amendment

The Defendant seeks dismissal of the Amended Complaint with prejudice, contending that further amendment of the Amended Complaint would be futile, a waste of judicial resources, and would cause the Defendant to continue incurring defense costs and expenses.

The Liquidating Trustee does not respond to the Defendant's request for dismissal with prejudice or seek leave to amend the Amended Complaint.

Rule 15(a) provides that where a party has already amended once as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court agrees with the Defendant in part and will dismiss

13

with prejudice the Amended Complaint with respect to (1) the five alleged transfers made by the Debtor to the Defendant for "car payments," "payroll," and "records storage" and (2) the $1,761.50 transfer allegedly made by the Debtor to the Defendant on November 29, 2013.  The Liquidating Trustee was put on notice of the deficiencies in those claims by the Court's June 14, 2016, Memorandum Opinion and did little to correct those deficiencies. See Krantz v. Prudential Invs., 305 F.3d 140, 144 (3d Cir. 2002) (denying leave to amend previously amended complaint where motion to dismiss original complaint put plaintiff on notice of deficiencies, yet plaintiff failed to rectify them in his first amended complaint).

The Court will, however, grant the Liquidating Trustee leave to amend the remaining alleged preferential transfers for reimbursement because "a more carefully drafted complaint might state a claim upon which relief could be granted."  Green v. Fund Asset Management, L.P., 19 F. Supp. 2d 227, 230 (D.N.J. 1998) (quoting Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985)).  Cf. Burtch v. Dent (In re Circle Y of Yoakum, Texas), 354 B.R. 349, 361 (Bankr. D. Del. 2006) (holding that amendment is futile under Rule 15(a) if the amended complaint would fail to state a claim upon which relief can be granted, just as it would under a Rule 12(b)(6) motion to dismiss).

To be clear, the Court will grant leave to amend only with

14

respect to the following transfers:

| Debtor Transferor | Debtor Incurring Antecedent Debt | Recipient of Transfer | Reason for Transfer | Date of Transfer | Amount of Transfer |
|---|---|---|---|---|---|
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Loan Reimbursement | 9/20/2013 | $1,761.50 |
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Loan Reimbursement | 9/30/2013 | $1,761.50 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 10/08/2013 | $259,000.00 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 10/22/2013 | $1,400.51 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement of Expenses | 10/31/2013 | $31,800.00 |
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Loan Reimbursement | 10/31/2013 | $1,761.50 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Loan Reimbursement | 11/12/2013 | $1,068.37 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 12/03/2013 | $190,000.00 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 12/05/2013 | $306.47 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 12/30/2013 | $2,108.67 |
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Reimbursement for Advance to Cover Payroll | 01/01/2014 | $1,761.50 |

| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Reimbursement for Advance to Cover Payroll | 01/31/2014 | $18,333.33 |
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Reimbursement for Advance to Cover Payroll | 02/01/2014 | $1,716.50 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 02/02/2014 | $1,498.87 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 02/18/2014 | $457.02 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 02/28/2014 | $4,583.33 |
| American Cadastre, LLC | American Cadastre, LLC | Defendant | Reimbursement for Advance to Cover Payroll | 03/31/2014 | $26,686.63 |
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Reimbursement for Advance to Cover Payroll | 04/11/2014 | $3,523.50 |
| American Cadastre, LLC | American Cadastre, LLC | Dallas Wolf (for benefit of Defendant) | Reimbursement for Advance to Cover Payroll | 05/06/2014 | $1,716.50 |

IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted in part and denied in part.

An appropriate Order follows.

Dated: April 7, 2017

BY THE COURT:

*Mary F. Walrath* (signature)

Mary F. Walrath
United States Bankruptcy Judge