**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMCAD HOLDINGS, LLC, et al., | ) |
| | ) Case No. 14-12168 (MFW) |
| Debtors. | ) Jointly Administered |
| _____ | ) |
| | ) |
| GAVIN SOLMONESE, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. No. 15-51979 (MFW) |
| | ) |
| VISAGAR M. SHYAMSUNDAR, RICHARD P. LOWRY, EDWARD B. BERKOWITZ, SHAHAN ZAFAR, IAN BLASCO, JEFF STONE, AARON PURCELL, AND DAVID WEISS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**[1]

Before the Court is the Motion of Visagar M. Shyamsundar (the "Defendant") to Dismiss the Liquidating Trustee's Second Amended Complaint seeking, <u>inter alia</u>, the avoidance and recovery of preferential transfers to an insider. The Defendant argues that the alleged preferential transfers claim should be dismissed

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint, which must be accepted as true for the purposes of this Motion to Dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

because the Liquidating Trustee fails to plead sufficient facts to show during the relevant period that American Cadastre, LLC (the "Debtor") was insolvent and that the Defendant was an insider. The Defendant also contends that the newly added causes of action for alleged fraudulent transfers and postpetition transfers should be dismissed because they are barred by the statute of limitations and only set forth conclusory allegations. For the reasons set forth below, the Motion to Dismiss will be granted in part and denied in part.

I. BACKGROUND

On September 19, 2014, the Debtor and Amcad Holdings, LLC (collectively, the "Debtors") commenced their chapter 11 bankruptcy cases. (D.I. 1.) On August 11, 2015, the Court confirmed the Debtors' Joint Plan of Liquidation (the "Plan"). (D.I. 533.) The Plan established a liquidating trust and assigned to the trust certain estate assets, including causes of action.

On December 17, 2015, the Liquidating Trustee filed a Complaint asserting various claims, including a claim to avoid preferential tranfers, against the Defendant and others. (Adv. D.I. 1.) On June 14, 2016, the Court granted the Defendant's Motion to Dismiss the Complaint for failure to state a claim.

(Adv. D.I. 24, 25.)

On September 13, 2016, the Court granted in part the Liquidating Trustee's Motion for Partial Reconsideration of the Dismissal Order and authorized the Liquidating Trustee to file an amended complaint within thirty days with respect to the preferential transfers.  (Adv. D.I. 34.)

On October 12, 2016, the Liquidating Trustee filed the First Amended Complaint seeking to avoid and recover $651,496.60 of alleged preferential transfers made to the Defendant within one year of the petition date pursuant to sections 547 and 550 of the Bankruptcy Code.  (Adv. D.I. 36.)  On April 7, 2017, the Court granted the Defendant's motion to dismiss the First Amended Complaint because it failed to plead sufficient facts to support a preference action pursuant to section 547 of the Bankruptcy Code.  <u>Gavin Solmonese, LLC v. Shyamsundar (In re AmCad Holdings, LLC)</u>, Adv. No. 15-51979, 2017 WL 1316922, at *1 (Bankr. D. Del. Apr. 7, 2017).  Six of the alleged preferential transfers were dismissed with prejudice because the claims were not made in satisfaction of an antecedent debt.  <u>Id.</u> at *5-6.  The Court granted leave to amend the First Amended Complaint as to the remaining alleged preferential transfers.  <u>Id.</u> at *6.

On April 28, 2017, the Liquidating Trustee filed the Second Amended Complaint, seeking to avoid and recover alleged transfers

made to the Defendant within one year of the petition date in the aggregate amount of $551,245.70. (Adv. D.I. 50.) The Second Amended Complaint asserts four counts against the Defendant: Count One asserts a preference action pursuant to section 547; Count Two asserts a fraudulent transfer claim pursuant to section 548; Count Three seeks to avoid postpetition transfers pursuant to section 549; and Count Four seeks to recover the avoided transfers pursuant to section 550.

On June 19, 2017, the Defendant moved to dismiss the Second Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. (Adv. D.I. 52, 53.) A notice of completion of briefing was filed on August 25, 2017, and this matter is now ripe for decision. (Adv. D.I. 56.)

II.  JURISDICTION

The Court has jurisdiction over this adversary proceeding. 28 U.S.C. § 157(b)(2)(F). The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks authority to enter a final order. See, e.g., Boyd v. Kind Par, LLC, No. 1:11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does

not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions.").

III. DISCUSSION

    A.    Standard of Review

        1.    Rule 8(a)(2)

Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 45 (1957).

        2.    Rule 12(b)(6)

A Rule 12(b)(6) motion challenges the sufficiency of the factual allegations in the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at

556).  The Court construes a complaint in the light most favorable to the plaintiff and draws all reasonable inferences in favor of the plaintiff.  Forman v. HBK Master Fund L.P. (In re Glencoe Acquisition, Inc.), Adv. No. 14-50464, 2015 WL 3777972, at *2 (Bankr. D. Del. June 16, 2015).

In weighing a motion to dismiss, the Court must undergo a three-part analysis.  First, the Court must take note of the elements needed for a plaintiff to state a claim.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  Second, the Court must separate the factual and legal elements of the claim, accepting all of the complaint's well-pled facts as true and disregarding any legal conclusions.  Id.; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 679).  Third, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  Santiago, 629 F.3d at 130.

    B.    Count One: Avoidance of Preferential Transfers

Section 547 of the Bankruptcy Code allows a trustee to recover a prepetition transfer of an interest of the debtor in property that was:

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the
    debtor before such transfer was made;

```
    (3) made while the debtor was insolvent;
    (4) made -
        (A) on or within 90 days before the date of
        the filing of the petition; or
        (B) between ninety days and one year before
        the date of the filing of the petition, if
        such creditor at the time of such transfer
        was an insider; and
    (5) that enables such creditor to receive more than
    such creditor would receive if -
        (A) the case were a case under chapter 7 of
        this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such
        debt to the extent provided by the provisions
        of this title.
```

11 U.S.C. § 547(b). The trustee must prove each element by a preponderance of the evidence. See Burch v. Opus, LLC (In re Opus East, LLC), 528 B.R. 30, 90 (Bankr. D. Del. 2015).

The Defendant argues that the Liquidating Trustee has not adequately pled factual allegations that at the time of the alleged preferential transfers (1) the Debtor was insolvent and (2) the Defendant was an insider.

    1.   Insolvency

The Bankruptcy Code defines insolvency as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation . . . ." 11 U.S.C. § 101(32)(A). When a trustee seeks to avoid a transfer to an insider made outside the ninety-day period, there is no presumption of insolvency provided by section 547(f) of the

Bankruptcy Code. <u>Angell v. Ber Care Inc., f/k/a PPS, Inc. (In re Caremerica, Inc.)</u>, 409 B.R. 737, 752 (Bankr. E.D.N.C. 2009). Therefore, the Liquidating Trustee must plead sufficient facts to show the Debtor was insolvent at the time of any transfer outside the ninety-day period.

It is the Defendant's position that the Second Amended Complaint contains only generalized, conclusory allegations concerning the alleged insolvency of the Debtor. Mere recitations by a trustee that a debtor is insolvent are conclusory and will not survive a motion to dismiss. <u>Miller v. Welke (In re United Tax Grp., LLC)</u>, Adv. No. 16-50088, 2016 WL 7235622, at *3-4 (Bankr. D. Del. Dec. 13, 2016) (finding that a trustee's allegation that the Debtor was balance sheet insolvent was too conclusory to demonstrate insolvency).

The Liquidating Trustee responds that it adequately pled the Debtor's insolvency when it alleged that: (1) the Debtor lacked sufficient resources to pay obligations to creditors as early as 2011, (2) the Debtor made "large payments and payouts to its members in an effort to render the entities insolvent," and (3) the president of the Debtor, Patrick Conley, declared in support of the First Day Motions that if the Debtor's records were prepared in accordance with proper accounting practices they would have shown that the Debtor was insolvent at the time of the

alleged preferential transfers. (Adv. D.I. 50, ¶ 13.)

The Defendant argues that the Liquidating Trustee must allege more specific facts regarding the financial condition of the Debtor at the time of the alleged preferential transfers. Cf. Joseph v. Frank (In re Troll Commc'ns), 385 B.R. 110, 123 (Bankr. D. Del. 2008) (finding allegations that the debtor's tangible net worth was negative $13.1 million to be sufficient financial data to survive a motion to dismiss); Charys Liquidating Trust v. McMahon Sec. Co. (In re Charys Holding Co., Inc.), 443 B.R. 628, 636 (Bankr. D. Del. 2010) (concluding insolvency sufficiently pled where complaint included a calculation that debtor's liabilities exceeded its total assets). The Defendant asserts that the Second Amended Complaint provides no similar "financial data, asset, and/or liabilities" of the Debtor to show insolvency at the time of the alleged preferential transfers. Further, the Defendant argues that the allegations of insolvency in the First Day Declaration are "irrelevant statements about a third party's claimed findings."

The Liquidating Trustee responds that the factual allegations regarding the debtor's financial status in Troll exceed what is "minimally required" to sufficiently plead insolvency. The Liquidating Trustee contends a party can meet its burden of pleading insolvency without providing specific

financial information.  See, e.g., Official Comm. of Unsecured Creditors v. DVI Bus. Credit, Inc. (In re DVI, Inc.), 326 B.R. 301, 306-07 (Bankr. D. Del. 2005); Official Comm. of Unsecured Creditors v. The CIT Grp./Bus. Credit, Inc. (In re Jevic Holding Corp.), Adv. No. 08-51903, 2011 WL 4345204, at *9 (Bankr. D. Del. Sept. 15, 2011).

In DVI, the Court found that insolvency was sufficiently pled when the complaint alleged that the debtor (1) was undercapitalized, (2) had a cash flow that was insufficient to satisfy its obligations, and (3) had insufficient capital to contribute to collateral accounts to secure its obligations. DVI, 326 B.R. at 306-07.  In Jevic, the Court found that insolvency was sufficiently pled when the complaint alleged that the debtor was "insolvent or would be rendered insolvent by the transactions undertaken in connection with the [Jevic] LBO, the [Refinancing Facility], and Sale-Lease Back."  Jevic Holding Corp., 2011 WL 4345204, at *9.

The Court concludes that the Liquidating Trustee has sufficiently pled the insolvency of the Debtor.  Like Jevic, the Second Amended Complaint asserts that "large payments and payouts" by the Debtor to its members led to the insolvency. (Adv. D.I. 50, ¶ 11.)  Moreover, unlike United Tax where the only facts alleging insolvency were conclusory statements made by the

trustee, the Second Amended Complaint relies on the declaration of the Debtor's president that proper accounting practices would have shown that the Debtor was insolvent during the relevant period. (Adv. D.I. 50, ¶ 13.) Viewed in the light most favorable to the Liquidating Trustee, testimony regarding insolvency from an officer of the Debtor with direct knowledge of its financial position and an explanation of the transactions that led to insolvency are facts that, if taken as true, would demonstrate insolvency. Consequently, the Court finds that the Liquidating Trustee has sufficiently pled the Debtor's insolvency at the time of the alleged preferential transfers.

    2. <u>Insider</u>

Under the Bankruptcy Code, a trustee may seek to avoid a preferential transfer between ninety days and a year before the petition date if the alleged transfer was to an "insider." 11 U.S.C. § 547(b)(4)(B). The term insider includes an officer of the debtor. 11 U.S.C. § 101(31)(B).

The Defendant contends that the Second Amended Complaint does not allege that the Defendant was an insider when the alleged preferential transfers occurred (between September 20, 2013, and May 6, 2014). The Defendant argues that the Second Amended Complaint only states that the Defendant "served as Chief Executive Officer of [the Debtor] through February 14, 2015,"

which is after the alleged preferential transfers occurred. (Adv. D.I. 50, ¶ 8.)

The Court disagrees. The Second Amended Complaint states that "at all times relevant to this Complaint" the Defendant was the Debtor's Chief Executive Officer. (Adv. D.I. 50, ¶ 8.) Accordingly, a reasonable inference can be made that the Defendant was an officer of the Debtor when the transfers that are the subject of the Complaint occurred. Thus, the Court concludes that the Liquidating Trustee has alleged sufficient facts to show that the Defendant was an insider when the alleged preferential transfers were made.

Therefore, the Court will deny the Defendant's motion to dismiss Count One because the Liquidating Trustee has sufficiently pled that the Debtor was insolvent and the Defendant was an insider at the time of the alleged preferential transfers.

C.   <u>Relation Back of Amendment (Counts Two and Three)</u>

The Liquidating Trustee pleads in the alternative that the alleged transfers listed in the Second Amended Complaint should be avoided as fraudulent transfers (in Count Two) and as postpetition transfers (in Count Three). These counts were added to the Second Amended Complaint after the Court granted in part the Defendant's Motion to Dismiss the First Amended Complaint.

The Defendant argues that the statute of limitations bars the Liquidating Trustee from bringing a fraudulent transfer cause of action or a postpetition transfer cause of action.  The Liquidating Trustee responds that both causes of action relate back to the date of the original Complaint which was timely filed.

An amendment of a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]"  Fed. R. Civ. P. 15(c).  The central consideration is whether there is a nexus between the factual allegations in the original pleading and those in the amended complaint.  Powermate Corp. v. Phoenix Int'l Freight (In re Powermate Holding Corp.), Adv. No. 10-50810, 2011 WL 3654436, at *2 (Bankr. D. Del. Aug. 18, 2011).  A claim may also relate back when a party has received sufficient notice and will not be prejudiced in presenting a defense on the merits.  Peltz v. CTC Direct, Inc. (In re MBC Greenhouse Co.), 307 B.R. 787, 793 (Bankr. D. Del. 2004).

In this case, the additional causes of action in Counts Two and Three satisfy Rule 15(c) because the fraudulent transfers and the postpetition transfers alleged in the Second Amended Complaint are the same transfers as those listed in the original

Complaint and the First Amended Complaint. (Adv. D.I 1-1, 36-1, 50-1.)  The Defendant had notice of the claims because the Liquidating Trustee sought to avoid these exact transfers in the earlier pleadings.  Therefore, the Court finds that Counts Two and Three alleging fraudulent and postpetition transfers relate back to the Original Complaint and are not barred by the statute of limitations.

    D.   <u>Count Two: Fraudulent Transfers</u>

        1.   <u>Dismissal under 12(b)(6)</u>

The Defendant also seeks dismissal of the alleged fraudulent transfer claim under 12(b)(6) because the Liquidating Trustee "merely parrots" the statutory elements of a fraudulent transfer claim.  The Liquidating Trustee responds by stating that the pleading standard is met, without any further discussion.

A transfer of property of a debtor can be avoided by the Trustee if (1) it occurred within two years of the petition date; (2) the debtor was insolvent at the time of the transfer or became insolvent as a result of it; and (3) the debtor received less than reasonably equivalent value in exchange.  11 U.S.C. § 548(a)(1)(B).  The Liquidating Trustee has sufficiently pled that the alleged transfers occurred within the two years before the petition date and that the Debtor was insolvent at the time of the transfers.  However, it is the Defendant's position that the

14

Liquidating Trustee has failed to plead any facts regarding whether the Debtor received less than reasonably equivalent value in the exchange.

Reasonably equivalent value is not defined in the Bankruptcy Code. Peltz v. Hatten, 279 B.R. 710, 736 (D. Del. 2002). The Third Circuit applies a two-step approach to determine whether a debtor received reasonably equivalent value in exchange for a transfer or obligation. Pension Transfer Corp. v. Beneficiaries under the Third Amend. to Fruehauf Trailer Corp. Ret. Plan No. 003 (In re Fruehauf Trailer Corp.), 444 F.3d 203, 212 (3d Cir. 2006); Indus. Enters. of Am. v. Tabor Academy (In re Pitt Penn Holding Co., Inc.), Adv. No. 11-51879, 2011 WL 4352373, at *9 (Bankr. D. Del. Sept. 16, 2011). First, "a court must consider whether, 'based on the circumstances that existed at the time' of the transfer, it was 'legitimate and reasonable' to expect some value accruing to the debtor." Id. (quoting Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors of R.M.L., Inc. (In re R.M.L., Inc.), 92 F.3d 139, 152 (3d Cir. 1996). Second, if the court finds that the debtor received any value, the court must engage in a fact-driven comparison between such value and the transfer sought to be avoided to determine "whether the debtor got roughly the value it gave." Id. at 212-13. The court should determine reasonably equivalent value by using a totality of the

circumstances approach where it considers "the good faith of the parties, the difference between the amount paid and the market value, and whether the transaction was at arms-length." In re Evergreen Energy, Inc., 546 B.R. 549, 563 (Bankr. D. Del. 2016) (citation omitted).

A transfer made by a Debtor to reimburse a party for a pre-existing obligation, without further explanation, does not show a lack of reasonably equivalent value. Burtch v. Huston (In re USDigital, Inc.), 443 B.R. 22, 39 (Bankr. D. Del. 2011); Elway Co., LLP v. Miller (In re Elrod Holdings Corp.), 421 B.R. 700, 714 (Bankr. D. Del. 2010) (finding that a transfer that results in a "[r]eduction of a pre-existing obligation" is for reasonably equivalent value unless the trustee can show the value was not sufficient).

In the instant case, the Liquidating Trustee alleges in the Complaint that the transfers were either a "Loan Reimbursement," a "Reimbursement of Expenses," or a "Reimbursement for Advance to Cover Payroll." (Adv. D.I. 50-1.)  Thus, a reasonable inference can be drawn from the Complaint that the transfers reduced the amount owed on pre-existing obligations.  A payment that reduces the amount owed on a pre-existing obligation constitutes reasonably equivalent value. Elway, 421 B.R. at 714. Accordingly, the Court finds that the Liquidating Trustee has not

16

pled sufficient facts to show the Debtor received less than reasonably equivalent value, and thus has failed to state a fraudulent transfer claim against the Defendant.

    2.   <u>Further Amendment</u>

The Defendant argues that Count Two should be dismissed with prejudice. The Liquidating Trustee does not respond to the Defendant's request for dismissal with prejudice or seek leave to amend the Second Amended Complaint.

After a responsive pleading is served, a party may amend its complaint only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); Fed. R. Bankr. P. 7015. The Supreme Court explained that leave should be granted absent (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice, or (5) futility of the amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The Court agrees with the Defendant that Count Two should be dismissed with prejudice because any amendment would be futile. Futility of amendment exists when "the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." <u>PCT v. Authentic Specialty Foods, Inc. (In re Fleming Companies, Inc.)</u>, 347 B.R. 163, 167 (Bankr. D. Del. 2006) (citation omitted).

As noted above, the Second Amended Complaint describes the transfers as repayments of loans the Defendant made to the Debtor to help fund business operations or reimbursement of expenses incurred on behalf of the Debtor.  (Adv. D.I. 50, ¶¶ 27, 28.)  The Liquidating Trustee has not presented any argument that an amendment will change that fact or will show that the transfers otherwise lacked reasonably equivalent value.  Therefore, the Court finds that an amendment to the Second Amended Complaint would be futile.

Accordingly, the Court will dismiss the fraudulent transfer claim in Count Two with prejudice.

    E.   <u>Count Three: Postpetition Transfers</u>

The Defendant contends that Count Three seeking to avoid postpetition transfers should be dismissed because the Liquidating Trustee fails to list any postpetition transfers.  The Liquidating Trustee does not respond to this argument.

To sufficiently plead a claim for avoidance of a postpetition transfer, the plaintiff must at least plead the existence of a transfer made after the commencement of the bankruptcy case.  <u>Zazzali v. AFA Fin. Grp., LLC</u>, Adv. No. 10-54524, 2012 WL 4903593, at *3 (Bankr. D. Del. Aug. 28, 2012).  In this case, the Liquidating Trustee does not cite any transfers that occurred postpetition.  Further the Liquidating Trustee was

As noted above, the Second Amended Complaint describes the transfers as repayments of loans the Defendant made to the Debtor to help fund business operations or reimbursement of expenses incurred on behalf of the Debtor.  (Adv. D.I. 50, ¶¶ 27, 28.)  The Liquidating Trustee has not presented any argument that an amendment will change that fact or will show that the transfers otherwise lacked reasonably equivalent value.  Therefore, the Court finds that an amendment to the Second Amended Complaint would be futile.

Accordingly, the Court will dismiss the fraudulent transfer claim in Count Two with prejudice.

E.   <u>Count Three: Postpetition Transfers</u>

The Defendant contends that Count Three seeking to avoid postpetition transfers should be dismissed because the Liquidating Trustee fails to list any postpetition transfers.  The Liquidating Trustee does not respond to this argument.

To sufficiently plead a claim for avoidance of a postpetition transfer, the plaintiff must at least plead the existence of a transfer made after the commencement of the bankruptcy case.  <u>Zazzali v. AFA Fin. Grp., LLC</u>, Adv. No. 10-54524, 2012 WL 4903593, at *3 (Bankr. D. Del. Aug. 28, 2012).  In this case, the Liquidating Trustee does not cite any transfers that occurred postpetition.  Further the Liquidating Trustee was

put on notice of the need to add substance to this claim in the Court's two previous opinions. AmCad, 2017 WL 1316922, at *5-6. Therefore, the Court will dismiss the postpetition transfers alleged in Count Three with prejudice.

F. Count Four: Recovery

The Defendant seeks to dismiss Count Four of the Second Amended Complaint for recovery of transfers pursuant to section 550 of the Bankruptcy Code. Section 550 of the Bankruptcy Code allows a trustee to recover a transfer which is avoided pursuant to section 547 of the Bankruptcy Code. 11 U.S.C. § 550(a). Here, the alleged preferential transfer claims survived the motion to dismiss. Therefore, the Defendant's motion to dismiss Count Four will be denied.

IV. CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's Motion to Dismiss Counts One and Four. The Court will grant the Defendant's Motion to Dismiss Counts Two and Three with prejudice.

An appropriate Order follows.

Dated: November 29, 2017          BY THE COURT:

*[signature: Mary F. Walrath]*
Mary F. Walrath
United States Bankruptcy Judge